ERIC ANTHONY ALSTON JR.
P.O. Box 234218
SACRAMENTO, CA 95823
(916)475-6434

**FILED**
NOV 05 2021
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT FOR

THE EASTERN DISTRICT OF CALIFORNIA

ERIC ANTHONY ALSTON JR.
   Plaintiff,
vs.
CITY OF SACRAMENTO, SGT. HAMM
#3018, OFFICER DELGADO #358,
OFFICER MELLOCH #602
   **Defendant(s)**

Case No. 2:21-CV 2049 - JAM AC PS

<u>COMPLAINT FOR DAMAGES</u>

**COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS, STATE LAW, AND ENTITY LIABILITY**

**JURY TRIAL DEMANDED**

Plaintiff complains and alleges as follow:

### I. JURISDICTION

1. This Complaint seeks damages pursuant to Title 42 U.S.C. section 1983 and Cal Civ Code §52.1(B) for the violation of plaintiff's civil rights and violation of California State Law. Jurisdiction is founded upon Title 28 U.S.C. Section 1331 and 1343. This Court has supplemental jurisdiction over the alleged state law claims pursuant to 28 U.S.C. Section 1367.

### II. Venue

2. Plaintiff's Claim, alleged herein, arose in the City and County of Sacramento, California. Therefore, venue lies in the Eastern District of California pursuant to 28 U.S.C. Section 1391(b)(2)

### III. INTRODUCTION

3. This action results from the unlawful detainment, excessive force, and false imprisonment of the plaintiff for no reasonable articulate purpose. From the

1

actions displayed by the defendants, it is apparent they do not have a firm nor concise understanding of the constitution.

### IV.   PARTIES

4. During all times mentioned in this complaint, Plaintiff Eric Alston was, and is a United States Citizen, residing in the County of Sacramento, California

5. Defendant City of Sacramento is, and at all herein mentioned was a municipal corporation, duly organized under the laws of the State of California and situated in the City and County of Sacramento. They are a political subdivision of the State of California, created and existing by virtue of the laws of the State of California.

6. Defendant City of Sacramento operates and manages the City of Sacramento Police Department, and is, and was at all times mentioned herein, responsible for the actions or inactions and the policies, procedures and practices/ customs relating to the City of Sacramento Police Department Officers, and or employees/ agents/ and Officers named herein

7. Defendant Hamm was at all times Mentioned herein, a Sergeant with the City of Sacramento Police Department, and employed by the City of Sacramento and acting in those capacities. As Sergeant Hamm was responsible for the Sacramento City Police Officers on the scene. Defendant Hamm is being sued in his official and individual capacities.

8. Defendant(s), Delgado, and Melloch who at all times herein mentioned was an employee of defendant City of Sacramento Police Department as an Officer, and in doing the acts hereinafter described, acted within the course and scope of his/ her employment, and are being sued in his/her official and individual capacities.

9. Defendants, Hamm Delgado, and Melloch, each of them to the extent they engaged in any acts or omission alleged herein engaged in such act and or omission under the Color of State law.

2

## V. EXHAUSTION OF PRE- LAWSUIT PROCEDURES

10. On October 8th, 2021, I am delivering a claim to the city of Sacramento through its clerk's officer in compliance with the requirements of section 905 of the government Code. The City of Sacramento Rejected my Claim on November 2nd, 2021, because I did not provide an address of the location of the incident.

## VI. FACTUAL ALLEGATIONS

11. **FROM ALL THE VIDEOS OBTAINED FROM FAMILY MEMBERS, THEY WERE CONTINUOUSLY, TELLING MEMBERS OF THE SACRAMENTO POLICE DEPARTMENT THAT I HAD BEEN IN THE HOUSE THE WHOLE TIME, AND IN THESE VIDEOS, THE SACRAMENTO POLICE TOLD MY FAMILY MEMBERS THEY WOULD NOT RELEASE ME UNTIL I IDENTIFIED MYSELF.**

12. On October 6th, 2021, the Plaintiff was celebrating the life of his cousin who just had a funeral earlier in the day. After the funeral concluded, the Plaintiff and numerous family members went to the house of the deceased family member brother in the Meadowview area of Sacramento.

13. The Plaintiff was in the house Cooking and serving members of his family food, and around 930pm, everybody heard a large amount of gun shots outside that seemed to be close. At this moment, the plaintiff along with the other multiple members of the function dropped to the ground to avoid any potential stray bullets in the vicinity.

14. The gunfire lasted for at least 5mins, so the plaintiff along with other members of the party proceeded to call the local authorities Around 943 pm. A brief time later as I looked through the front door, I seen multiple members of the Sacramento Police Department.

15. I exited the door with my hands up to assist the Members of the Police department and tell them what happened. I walk into the grass of the front of the home, and

3

|   |   |
|---|---|
|   | suddenly Defendant Delgado Aggressively put my hand behind my back and begins to question and treat me like a criminal for no reason. |
| 16. | **Defendant Delgado handcuffs me extremely tight and places me in the back of a patrol where I notice there are multiple Black people handcuffed in patrol cars throughout the street. This illegal detainment clearly was racially motivated, because they only had black men arrested and detained, and we all had distinctive characteristics, and body features. So, it clears the defendants intended to discriminate against me and the other black men due to our race, because the only similarity between all of us, was our race.** |
| 17. | I further ask what is going on, and why am I being detained, at this point I invoke my 4th and 5th amendment privilege because I know this is unlawful. The Officers in particular Defendant Melloch tell me to give them my name, to which I refuse and invoke my 5th amendment privileges to remain silent. |
| 18. | The Defendants have me tightly handcuffed in the patrol vehicle for over 10mins and I inform them of the pain that I'm in, and Defendant Melloch comes to the patrol car and opens the door and proceeds to un handcuff me than I tell him I'm going to record this interaction because it is my 1st amendment right, yet he proceeds to grab my phone and tell me I can't record because I'm detained yet they refused to give me reasonable articulate suspicion of me committing any crime nor the reason for this unlawful detainment. The defendants continuously intimidated and threatened me to have to stay longer if I did not identify myself |
| 19. | I inform the defendants that I need medical attention multiple time due to the extreme pain I am now in due to the tight handcuff being applied. |
| 20. | Defendant Hamm throughout the Process refused to tell me the reason I was detained, would not let me leave. He along with Defendant Melloch would refuse to let me leave because they said I would not identify myself; yet they had no reasonable suspicion of me committing a crime and invoked my 5th amendment, so |

4

I chose to remain silent. Our Supreme Court recently explained that "'[a] detention is reasonable under the Fourth Amendment when the detaining officer can point to specific articulable facts that, considered in light of the totality of the circumstances, provide some objective manifestation that the person detained may be involved in criminal activity.' [Citation.] Such reasonable suspicion cannot be based solely on factors unrelated to the defendant, such as criminal activity in the area." (People v. Casares (2016) 62 Cal.4th 808, 837–838, 198 Cal.Rptr.3d 167, 364 P.3d 1093 (Casares).) Reasonable suspicion must rest on objective particulars tying a particular person to criminal activity, rather than on a mere "hunch" that something is odd or unusual about the person detained. (Id. at p. 838, 198 Cal.Rptr.3d 167, 364 P.3d 1093; see People v. Bower (1979) 24 Cal.3d 638, 647, 156 Cal.Rptr. 856, 597 P.2d 115 [officer's suspicions about white man found late at night in a "high crime," largely black neighborhood insufficient to justify detention where the officer testified, he had never seen a white person in that area at that time "for an innocent purpose"].)

21. The defendants kept me illegally detained for over and hour, they refused to acknowledge my invoking of the 5th amendment. Eventually the defendants had to let me out of the patrol vehicle because I refused to identify myself.

22. After they released me from the patrol car, members of the Sacramento Fire Department and Ambulance took me to Kaiser South Sacramento, where I had to be treated for excessively tight handcuffs which caused damages and the Doctor at Kaiser had to give me a Wrist Splint and pain medication to deal with the damages caused by the defendants.

23. As a direct and proximate result of said acts and/or omissions by the defendants, I suffered emotional distress and said acts were a proximate cause of my damages and injuries as alleged herein.

5

VII. **CLAIMS FOR RELIEF**

**FIRST CAUSE OF ACTION**
**UNREASONABLE SEIZURE/FALSE ARREST/IMPRISONMENT**
**(VIOLATION OF THE 4TH AMENDMENT TO THE U.S. CONSTITUTION:**
**ACTIONABLE UNDER 42 U.S.C 1983)**

*(AGAINST DEFENDANTS CITY OF SACRAMENTO, HAMM,DELGADO,MELLOCH)*

24. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 23, as though fully set forth herein.

25. The defendants never gave me reasonable suspicion of me committing a crime for their illegal detainment and kept me detained and imprisoned for over an hour for no reason. California is not a "Terry" law stop frisk state as described by the United States Supreme Court, thus there must be articulated suspicion of a crime before any detainment.

26. As a direct and proximate result of said acts and/or omissions by the defendants, I suffered emotional distress and said acts were a proximate cause of my damages and injuries as alleged herein.

27. The aforementioned acts and or omissions of said defendants were malicious, reckless, and or accomplished with conscious disregard of my rights, thereby entitling to an award of exemplary and punitive damages according to proof.

**SECOND CAUSE OF ACTION**
**FREEDOM OF SPEECH**
**VIOLATION OF 1ST AMENDMENT OF THE U.S. CONSTITUTION**
**(42 U.S.C SECTION 1983)**
*(AGAINST DEFENDANTS CITY OF SACRAMENTO, MELLOCH)*

28. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 27, as though fully set forth herein.

6

29. The defendants would not let me enjoy my civil rights to record an interaction with a peace officer in public as explained by the United States Supreme Court. The defendants snatched my phone from my hand and interfered with my right to record.

30. As a direct and proximate result of said acts and/or omissions by the defendants, I suffered emotional distress and said acts were a proximate cause of my damages and injuries as alleged herein.

31. The aforementioned acts and or omissions of said defendants were malicious, reckless, and or accomplished with conscious disregard of my rights, thereby entitling to an award of exemplary and punitive damages according to proof.

### THIRD CAUSE OF ACTION
### UNREASONABLE SEIZURE/ EXCESSIVE FORCE
### (VIOLATION OF THE 4TH AMENDMENT TO THE U.S. CONSTITUTION:
### ACTIONABLE UNDER 42 U.S.C 1983)
*(AGAINST DEFENDANTS CITY OF SACRAMENTO, DELGADO)*

32. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 31, as though fully set forth herein.

33. The defendants illegally detained the plaintiff and put handcuffs on him in a tight manner, Fourth Amendment excessive force claim based on the Officers putting him in tight handcuffs. Tight handcuffing can constitute a Fourth Amendment violation. See Wall v. Cnty. of Orange, 364 F.3d 1107, 1112 (9th Cir. 2004); LaLonde v. Cnty. of Riverside, 204 F.3d 947, 960 (9th Cir. 2000); Palmer v. Sanderson, 9 F.3d 1433, 1436 (9th Cir. 1993); Hansen v. Black, 885 F.2d 642, 645 (9th Cir. 1989)

34. Plaintiff Sustained, damage to his wrist and is still suffering, that required a wrist

Splint and pains medication. The plaintiff is still experiencing stiffness, extreme pain, and numbness due to the unwarranted tight handcuffing.

35. As a direct and proximate result of said acts and/or omissions by the defendants, I suffered emotional distress and said acts were a proximate cause of my damages and injuries as alleged herein.

## FOURTH CAUSE OF ACTION

**UNREASONABLE SEIZURE/ EXCESSIVE FORCE/ ILLEGAL DETAINMENT
(VIOLATION OF THE CAL. CONSTITUTION ART. §§ 1, 7, 13 AND CAL. CIV CODE §43: ACTIONABLE UNDER THE CAL. CIVIL CODE § 52.1(B)/BANE ACT)**
*(AGAINST DEFENDANTS CITY OF SACRAMENTO, DELGADO, HAMM, MELLOCH*

36. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 35, as though fully set forth herein.

37. The actions of the defendants, as alleged herein, interfered with the exercise and enjoyment of my civil rights as guaranteed by Articles I §§ 1, 7 and 13 of the California Constitution. Specifically, they illegally detained me in a form of coercion and threats of staying longer for not giving my name and used excessive force on me. As explained in the CORNELL v. CITY AND COUNTY OF SAN FRANCISCO COURT, a false imprisonment is a violation of the Bane Act. and the tight handcuffing causing damage.

38. As a direct and proximate result of said acts and/or omissions by the defendants, I suffered emotional distress and said acts were a proximate cause of my damages and injuries as alleged herein.

## FIFTH CAUSE OF ACTION
## RIGHT TO REMAIN SILENT
## VIOLATION OF 5TH AMENDMENT OF THE U.S. CONSTITUTION
## (42 U.S.C SECTION 1983)
*(AGAINST DEFENDANTS CITY OF SACRAMENTO, HAMM, MELLOCH)*

39. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 38, as though fully set forth herein

40. "Once a defendant invokes his right to remain silent, the police must scrupulously honor his right." Michigan v. Mosely, 423 U.S. 96 (1975). In particular defendants Hamm and Melloch refused to honor my request and invocation of the 5th amendment, they continued to question me and ask my name while unlawfully detaining me.

41. As a direct and proximate result of said acts and/or omissions by the defendants, I suffered emotional distress and said acts were a proximate cause of my damages and injuries as alleged herein.

## SIXTH CAUSE OF ACTION
## VIOLATION OF EQUAL PROTECTION CLAUSE
## (42 U.S.C SECTION 1983- DISCRIMINATION BASED ON RACE AND GENDER)
*(AGAINST DEFENDANTS CITY OF SACRAMENTO, HAMM, DELGADO, MELLOCH)*

42. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 41, as though fully set forth herein

43. "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001) (quoting Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)).

44. The actions of the defendants as alleged herein, including but not limited to

9

intentionally discriminate against black males including myself and arrest and detain us simply because we are black males with no real articulate differences amongst us other then race, the defendants did not detain any black females at the scene only males. We were denied equal protection of the law by the defendants. My Fourteenth and Fourth Amendments were violated by the defendant. "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (quoting Plyler v. Doe, 457 U.S. 202, 216 (1982)).

45. As a direct and proximate result of said acts and/or omissions by the defendants, I suffered emotional distress and said acts were a proximate cause of my damages and injuries as alleged herein.

### SEVENTH CAUSE OF ACTION
### BATTERY- CAL STATE LAW
*(AGAINST DEFENDANTS CITY OF SACRAMENTO, DELGADO)*

46. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 45, as though fully set forth herein

47. The conduct of defendants in handcuffing me tight, illegally detaining me in a patrol in an uncomfortable and harmful manner. intentional, and done with willful disregard for my rights. This brutal use of force constituted a battery.

48. Defendant City of Sacramento is vicariously liable for the actions of Defendant Delgado.

49. As a direct and proximate result of said acts and/or omissions by the defendants, I suffered emotional distress and said acts were a proximate cause of my damages and injuries as alleged herein.

## EIGHTH CAUSE OF ACTION
## FALSE IMPRISONMENT- CAL STATE LAW
*(AGAINST DEFENDANTS CITY OF SACRAMENTO, HAMM, DELGADO, MELLOCH)*

50. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 49, as though fully set forth herein

51. '[T]he tort [of false imprisonment] consists of the "'nonconsensual, intentional confinement of a person, without lawful privilege, for an appreciable length of time, however short.'"'" (Scofield v. Critical Air Medicine, Inc, 45 Cal.App.4th at p. 1001, (1996) citations omitted.)

52. The defendants never gave me reasonable suspicion of me committing a crime for their illegal detainment and kept me detained and imprisoned for over an hour for no reason. California is not a "Terry" law stop frisk state as described by the United States Supreme Court, thus there must be articulated suspicion of a crime before any detainment.

53. As a direct and proximate result of said acts and/or omissions by the defendants, I suffered emotional distress and said acts were a proximate cause of my damages and injuries as alleged herein.

54. The aforementioned acts and or omissions of said defendants were malicious, reckless, and or accomplished with conscious disregard of my rights, thereby entitling to an award of exemplary and punitive damages according to proof.

11

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1. For compensatory, general, nominal, and special damages against Defendant(s), jointly and severally, in the amount proven at trial; Will ask Jury for $500,000

2. For punitive and exemplary damages against each named Defendant(s) other than governmental entities, in an amount appropriate to punish defendant(s) and deter others from engaging in similar misconduct.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands trial by jury.

Dated: November 5th, 2021

Eric Anthony Alston Jr. PRO SE
P.O. Box 234218
SACRAMENTO, CA 95823
(916)475-6434