UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC ANTHONY ALSTON, JR., <br><br> Plaintiff, <br><br> v. <br><br> CITY OF SACRAMENTO, et al., <br><br> Defendants. | No. 2:21-cv-02049 DAD AC <br><br><br> FINDINGS AND RECOMMENDATIONS |

This matter is before the court on plaintiff's motion for reconsideration of the order granting summary judgment in defendants' favor. ECF No. 43. Plaintiff is proceeding pro se, and accordingly this motion was referred to the undersigned pursuant to Local Rule 302(c)(21). The court construes plaintiff's request as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60. For the reasons that follow, plaintiff's request should be DENIED.

**I.    RELEVANT FACTUAL AND PROCEDURAL HISTORY**

Plaintiff filed his civil rights complaint on November 5, 2021, presenting eight claims arising from the police response to a home in the Meadowview area of Sacramento on October 6, 2021. ECF No. 1. The case was litigated through defendants' motion for summary judgment, ECF No, 32, which the undersigned recommended be granted. ECF No. 39. Plaintiff filed objections to the findings and recommendations. ECF No. 40. On February 22, 2024, the district

1

judge adopted the findings and recommendations, and entered judgment in favor of defendants. ECF Nos. 41, 42.

## II. THE MOTION

On February 27, 2024, plaintiff filed a motion titled "Motion for Reconsideration FRCP 59(e) or Rule 60(b)." ECF No. 43. Plaintiff summarizes his argument in support of reconsideration as follows:

> The main argument of the Plaintiff was how can the plaintiff be considered a witness to this crime, when defendant Hamm stated under oath that the plaintiff was not a witness ECF 22, the crime was solved, also the defendants have their witness log supplied to the District Attorney and City Attorney stating they only had 4 witnesses during their investigation.

ECF No. 43 at 2.

## III. STANDARDS

The law of the case doctrine provides that "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997). A motion for reconsideration generally should not be granted unless the district court is presented with newly discovered evidence, has committed clear error, or there has been an intervening change in the controlling law. Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009). A party seeking reconsideration must do more than disagree with the court's decision or recapitulate that which the court has previously considered. United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). Nor can a reconsideration motion "be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, 571 F.3d at 880. "To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Westlands Water Dist., 134 F.Supp.2d at 1131 (internal citations omitted).

Rule 59(e) of the Federal Rules of Civil Procedure provides for alteration or amendment of a final judgment. Relief under Rule 59(e) is an "extraordinary remedy which should be used

sparingly." Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011). In general, there are four grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law. Id. (citing McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam)).

Rule 60(b) of the Federal Rules of Civil Procedure provides for reconsideration of a final judgment or any order where one of more of the following is shown: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within twenty-eight days of entry of judgment; (3) fraud, misrepresentation, or misconduct of an opposing party; (4) voiding of the judgment; (5) satisfaction of the judgment; and (6) any other reason justifying relief. Fed. R. Civ. P. 60(b). A motion for reconsideration on any of these grounds must be brought within a reasonable time, and no later than one year, of the entry of the judgment or the order being challenged. Id. "Motions for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure are addressed to the sound discretion of the district court..." Allmerica Financial Life Insurance and Annuity Company v. Llewellyn,139 F.3d 664, 665 (9th Cir. 1997).

### IV.     ANALYSIS

Plaintiff has not argued any of the Rule 59(e) or Rule 60(b) grounds for relief, referenced any circumstances that could be construed as implicating any of the Rule 59(e) or Rule 60(b) criteria, or presented any cognizable ground for reconsideration. Plaintiff focuses on his contention that he was neither a suspect nor a witness to any criminal activity when he was detained, which goes to the merits of the court's previous rulings on the legality of the detention. However, plaintiff does not point to any new evidence or information that was not available when the motion for summary judgment was decided. All exhibits to the declaration in support of reconsideration, ECF No. 43-1, were available when the summary judgment motion was briefed. Petitioner's attempt to relitigate the merits of the summary judgment motion is therefore

insufficient as a matter of law.  See Fed. R. Civ. P. 60(b); Westlands Water Dist., 134 F.Supp.2d at 1131.

Plaintiff's disagreement with the court's decision does not warrant reconsideration.  The motion should be denied.

## V.   CONCLUSION

It is HEREBY RECOMMENDED that plaintiff's motion for reconsideration (ECF No. 43) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections.  Local Rule 304(d).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: April 17, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE